UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF HOT ENERGY
SERVICES, INC. AS OWNER AND
OPERATOR OF THE M/V MISS
LUCY AND M/V MISS LAUREN FOR
EXONERATION FROM AND
LIMITATION OF LIABILITY

CIVIL ACTION

NO. 20-3242 c/w 21-45

SECTION M (4)

*Pertains to all cases*

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant and limitation petitioner Bonvillian Marine, Inc. ("Bonvillian") in which it argues that plaintiffs and limitation claimants Cecile and Gleason Alexis (together, "Plaintiffs") cannot prevail on their negligence claim under the general maritime law because Bonvillian's navigation expert, Steve J. Cunningham, has determined from the *M/V Lady Crystal*'s automatic identification system data that the vessel always remained more than 500 feet from Plaintiffs' oyster lease during its work for Hilcorp Energy, Inc.[1] Plaintiffs respond in opposition, arguing that their oyster biology expert, Gabriel Johnson, opined that the vessel's propwash on or near their oyster lease caused significant damage.[2] Plaintiffs also argue that they have not deposed Cunningham so are not in a position now to respond fully to the motion for summary judgment.[3] Bonvillian replies in further support of its motion.[4]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[1] R. Doc. 45 (citing R. Doc. 45-9).
[2] R. Doc. 60.
[3] *Id.*
[4] R. Doc. 68.

any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

To prevail on a maritime negligence claim, a plaintiff must prove that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff sustained an injury. *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 211 (5th Cir. 2010). The standard of care, or duty, is a question of law that is established by statutes, rules, regulations, maritime custom, or general principles of tort law. *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 165 (5th Cir. 1979) (citing, *inter alia, Pa. R.R. Co. v. S.S. Marie Leonhardt*, 202 F. Supp. 368, 375 (E.D. Pa. 1962)); *see also Coumou v. United States,* 107 F.3d 290, 295-96 (5th Cir. 1997); *Targa Midstream Servs. Ltd. P'ship v. K-Sea Transp. Partners, L.P.*, 527 F. Supp. 2d 598, 602-03 (S.D. Tex. 2007).

Without citing any source (other than plaintiff Gleason Alexis's deposition testimony), both parties appear to adopt as the applicable standard of care (*i.e.,* duty) a rule that vessels must

remain 500 feet from an oyster lease.[5] Because no statute, rule, regulation, or maritime custom establishing such a rule has been identified, the Court is reluctant, on the present record, to make this the basis of any summary judgment.[6] Regardless, on the very thin record before the Court, there appear to be disputed issues of fact on the question whether the vessel's propwash damaged Plaintiffs' oyster lease.[7] Moreover, expert discovery is not yet complete. Therefore, at this juncture, it is premature to grant summary judgment in Bonvillian's favor.

Accordingly, for the reasons stated above,

IT IS ORDERED that Bonvillian's motion for summary judgment (R. Doc. 45) is DENIED without prejudice to refiling upon more substantial development of the record after expert discovery is completed and/or after *Daubert* issues are resolved.

New Orleans, Louisiana, this 8th day of September, 2022.

 

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] *See* R. Docs. 45; 60.

[6] In future filings, the parties are advised to explain the basis for this purported rule, with citation to any relevant statute, rule, regulation, maritime custom, or general principle of tort law establishing this alleged duty.

[7] The Court notes that Johnson's one-page report provides the barest of conclusions with little to no analysis or explanation. In its reply, Bonvillian argues that the report is not competent evidence of causation, citing cases in which the testimony of a purported expert biologist was excluded. R. Doc. 68 at 4-7. In the absence of a *Daubert* motion, the Court will not attempt to anticipate the parties' respective positions on this point.